HENRY E. SNOW and Others, Plaintiffs, *v.* FANNY HAMILTON and Others, Defendants.

*Will — action in the Supreme Court as to — Code of Civil Proc. § 2653a — applies to all wills — an additional remedy — who may sue — parties to the action.*

Section 2653a, added to the Code of Civil Procedure by chapter 591 of the Laws of 1892, applies to all wills, whether of real or of personal property, or of both.

The purpose of the amendment is to provide a procedure by action in the Supreme Court to determine the validity of the probate of any will. It requires such

90  157
9ap489

90  157
28ap360

90  157
37ap117

90h 157
51ad546

an action to be commenced within two years after the will has been admitted to probate, and the question to be tried is whether the writing produced is or is not the last will of the decedent. The verdict of the jury is conclusive as to the disposition of both real and personal property disposed of by the will, unless a new trial be granted, or the judgment be reversed or vacated.

The amendment does not seek to affect the remedy provided in the Surrogate's Court by a special proceeding under the prior sections of article 2, title 3, chapter XVIII of the Code of Civil Procedure, but merely provides an additional remedy by action.

The use in the section of the language, " any person interested in a will or codicil admitted to probate," does not preclude a person not named in a will, but who is interested in it or in its probate, from bringing an action as contemplated by the section.

All the heirs and other interested persons must be parties to the action, and it is not material whether they are plaintiffs or defendants, the ordinary rules of the Code of Civil Procedure, relative to the parties to an action, contained in section 446 and section 448, being applicable to such a case.

MOTION by the plaintiffs, Henry E. Snow and others, for a new trial upon a case containing exceptions, ordered to be heard at the General Term in the first instance upon a nonsuit granted after a trial at the Monroe Circuit before the court and a jury on the 21st day of November, 1894.

*Eugene Van Voqrhis*, for the plaintiffs.

*George F. Yeoman*, for the defendants.

WARD, J. :

The plaintiffs bring this action to determine the validity of the probate of the will of John Snow, late of the town of Ogden in the county of Monroe, deceased. The parties to this action are nineteen nephews and nieces of the deceased, four of whom are plaintiffs and the others defendants. Certain legatees named in the will are also made defendants. The nephews and nieces are all the heirs and next of kin of the deceased. None of the plaintiffs are named in the will. The grounds alleged in the complaint for revoking the probate are that the assumed will was not the last will of the deceased, and was not his free or voluntary act. The complaint also alleged that the deceased died seized of real property, and owning personal property in a large amount, and set forth a copy of the will, by which it appeared that the decedent bequeathed personal

property and devised real estate. These facts were admitted by the defendants answering.

The record of the trial before us discloses that after the defendants had offered in evidence the paper purporting to be the will of the deceased, the decree of the surrogate of Monroe county admitting it to probate and the evidence taken before the surrogate upon the probate of the will, the defendants rested. The plaintiffs opened the case to the jury, whereupon the defendants moved to dismiss the action upon the pleadings and the opening of the case upon the grounds: "*First*, that the plaintiffs are not parties interested in this will within the meaning of section 2653a of the Code of Civil Procedure. *Second*, it is not claimed by the pleadings or opening that there is any real estate involved in this litigation. *Third*, that the action provided for by that section of the Code relates entirely and only to real estate, and is not a remedy in regard to personalty. That as to personal property this will has become conclusive under the other provisions of the Code." The motion was granted and the plaintiffs duly excepted, and the matter is here upon the plaintiffs' motion for a new trial upon such exception.

What the plaintiffs' opening disclosed does not appear in the record, but the motion was based upon the pleadings as well as the opening, and, as the pleadings did show that there was real estate involved in the litigation, we must assume that such was the fact.

The real contention here on behalf of the defendants is that, inasmuch as the will does not recognize the plaintiffs or any of them as devisees or legatees, they are not in a position to invoke the remedy pointed out by section 2653a of the Code of Civil Procedure, as that limits the remedy to those specifically mentioned or provided for in the will. Section 2653a was incorporated into the Code of Civil Procedure by chapter 591 of the Laws of 1892, and the commencement of the section embracing it is as follows: "Article second, title three of chapter eighteen of the Code of Civil Procedure is hereby *amended* by adding thereto a new section, to be known as section 2653a, which shall read as follows:" Then follows the section as appears in the Code. "Article second" before this amendment consisted of sections 2647 to 2653 of the Code, inclusive, and regulated proceedings instituted by petition in Surrogate's

Court by "a person interested in the estate of the decedent," to procure the revocation of a will of personal property, which proceeding must be commenced within one year after the recording of the decree admitting the will to probate. At the time of the adoption of this amendment the probate of a will was conclusive as to personal property unless revoked by the proceeding in Surrogate's Court as above stated, but the probate was only *prima facie* conclusive as to the real estate devised by the will so that the heir could bring ejectment after probate for the interest he claimed in the real estate devised during any period not barred by the Statute of Limitations. A great necessity, therefore, existed of further limiting the right of the heir to contest the devises of a will in order to quiet titles to real estate, and in the light of this necessity we will consider the effect of section 2653a. The purpose of this amendment is manifest. It is to provide a procedure by an action in the Supreme Court to determine the validity of the probate of any will, whether of real or personal property or of both, and requiring such an action to be commenced within two years after the will has been admitted to probate, and the question to be tried is whether the writing produced is or is not the last will of the decedent, and that question is to be tried by a jury and the procedure upon the trial is pointed out, and it provides that the verdict of the jury shall be "conclusive as to real or *personal* property unless a new trial be granted or the judgment thereon be reversed or vacated." The amendment does not seek to affect the remedy provided in Surrogate's Court by special proceeding under the title amended, but only provided an additional remedy by action. It is unnecessary to determine the effect of such a special proceeding as to personal property where one has been executed and completed before the action in the Supreme Court was commenced, or was in progress concurrent with the action in the Supreme Court, as that question is not before us. But it is plain that so far as the amendment modifies or changes the title amended, the amendment, being the latest declaration of the legislative will upon the subject, controls.

We think the contention of the defendants, that because the plaintiffs are not named in the will they are not interested in the will within the meaning of section 2653a of the Code of Civil Procedure, cannot be sustained. The language of the section is : " Any person interested

in a will or codicil admitted to probate in this State as provided by the Code of Civil Procedure, may cause the validity of the probate thereof to be determined in an action in the Supreme Court for the county in which such probate was had. All the devisees, legatees and heirs of the testator and other interested persons, including the executor or administrator, must be parties to the action." It would seem absurd to contend that a person entitled as heir or next of kin of a decedent is not interested in a will or the question of the probate of a will which perchance cuts him off without a farthing. The requirement is that *all* the heirs and other interested persons shall be parties to the action. It does not define whether they shall be parties plaintiff or defendant, but they must be parties. Other sections of the Code seem to provide as to that. Section 446 provides that " all persons having an interest in the subject of the action and in obtaining the judgment demanded may be joined as plaintiffs except as otherwise expressly prescribed in this act." Section 448 provides that of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants except as otherwise prescribed, etc., and if the consent of any one who ought to be joined as plaintiff could not be obtained he might be made a defendant, the reason thereof to be stated in the complaint. No principle is more firmly established in our jurisprudence than that a party interested in obtaining a specific judgment or relief in law or in equity can commence an action to secure that result.

In *Wager* v. *Wager* (89 N. Y. 161) the court held that any person claiming an interest in the personal property, either as a legatee under the will *or as entitled to it under the Statute of Distributions,* where a trust was involved, might bring an action to settle the construction and ascertain the validity of the provisions of the will.

The defendants' contention would enable only a beneficiary under a will to secure the benefits of the statute providing for an action in the Supreme Court to test the validity of the probate, while those who are excluded and who are usually the real parties aggrieved cannot be heard unless some party named in the will chooses to make them parties defendant. This construction is too narrow. It does not fully reach the exigency which created the amendment and

is in conflict with the manifest purpose of the amendment and its language.

We are referred to *Long* v. *Rodgers* (79 Hun, 441) as an authority for the defendants' position. That was an action to contest the validity of the probate of a will, instituted more than one year after the probate, where an injunction was obtained restraining an executor under the will from proceeding to obtain a judicial settlement of his accounts. The court held that the injunction could not be sustained, as the probate was conclusive, after one year, as to personal property, under section 2648 of the Code of Civil Procedure, and consequently the accounting could proceed. As before said, this question is not before us. The questions in the case at bar arise as well to real as to personal property. The statement of the learned court in *Long* v. *Rodgers*, as to the necessity of the legislation embodied in the amendment of 1892, seems well sustained. If the effect of that decision is that section 2653a only relates to revoking the probate of wills of real estate, with all due respect, we are unable to concur in that view.

The motion for a new trial should prevail, with costs to abide event.

LEWIS and DAVY, JJ., concurred; BRADLEY, J., not voting.

Motion for new trial granted, costs to abide the final award of costs.