THOMAS H. LEWIS, Respondent, *v.* EMILY N. COOK et al.,
                         Appellants.

1. DEMURRER TO ANSWER. Where the plaintiff in an action has
demurred to the answer and raises the question of its sufficiency in law,
whether it is sufficient or not, the judgment of the court is invoked upon
the law of the case as presented by the pleadings.

2. CODE CIV. PROC. § 2653a — MAINTENANCE OF PROBATE OF WILL —
WHO ENTITLED TO BRING ACTION. The language of section 2653a, added
to the Code of Civil Procedure in 1892, authorizing an action by a "person
interested in a will," admitted to probate in this state, by which the
validity of a will and its probate may be established and placed beyond
attack by the heirs at law, refers only to a person who is interested
in the maintenance of the will, and the action cannot be maintained by
one claiming in hostility to it.

*Lewis* v. *Cook,* 89 Hun, 183, reversed.

(Argued June 8, 1896; decided October 6, 1896.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered August 24,
1895, which affirmed an interlocutory judgment in favor of
plaintiff entered upon a decision of the court at Special Term
sustaining a demurrer to the answer to the complaint.

This action was brought in the Supreme Court to obtain
a judgment declaring invalid the will of Mary Snelling,
deceased, and the probate thereof. The complaint sets forth
the death of the testatrix and the admission of her will to
probate. It alleges that it was not her will, that she was
incompetent to make a will, and that the execution of the will
was void for having been procured through undue influence.
It alleges that the plaintiff and the defendants, other than the
defendants Cook and Codling, are nephews and nieces of the
testatrix and that the defendants Emily and Richard Cook are
the sole legatees named in the instrument. The defendants
Emily and Richard Cook and the defendant Codling (the
executor of the will), in their answer, as for a first defense,
alleged the making of the will and set it forth as a part of the
answer. They alleged its admission to probate; that the testa-

trix left nothing but personal estate and that she left her surviving no husband, parent, child, brother or sister and no relatives, except the plaintiff and the other defendants in the action, who are nephews and nieces and who, upon the probate proceedings before the surrogate, had contested the will. They alleged, upon various grounds, that this action was not maintainable under the provisions of section 2653*a* of the Code of Civil Procedure, pursuant to which the plaintiff has brought this action. The will of the testatrix gives all her property of every kind and description to the defendants Richard W. Cook and Emily N. Cook. To that defense of the answer the plaintiff demurred, on the ground that it was insufficient in law upon the face thereof. At Special Term the demurrer was sustained and, upon appeal to the General Term, the interlocutory judgment in favor of the plaintiff upon the demurrer was affirmed. By leave of the General Term the defendants have appealed to this court.

*Thomas Young* for appellants. The plaintiff is not a person interested in the will in question and cannot maintain this action. (*Long* v. *Rodgers,* 79 Hun, 441 ; *Anderson* v. *Anderson,* 112 N. Y. 104; Code Civ. Proc. § 2626 ; *Post* v. *Mason,* 91 N. Y. 550 ; *People* v. *Draper,* 15 N. Y. 558.)

*L. R. Beckley* for respondent.

GRAY, J. If any authority exists for the maintenance of such an action, it must be found in section 2653*a* of the Code of Civil Procedure ; which was enacted in 1892 and inserted in the article in the Code, entitled "Revocation of Probate." Section 2647, in that article, provided for the case of "a person interested in the estate of a decedent" and authorized the institution of a proceeding in the Surrogate's Court by way of a petition attacking the validity of the will and praying for the revocation of the probate thereof. The other sections in the article prescribed the procedure to be followed and, as section 2653*a* was added as a new section and without any words repealing the prior provisions, or, in terms affecting their force

and purpose, it must be deemed to comprehend another and a different case, when providing a remedy for a "person interested in a will" admitted to probate in this state. The article distinguishes the person interested in a will from the person interested in the estate. The inquiry, therefore, must be, whether the plaintiff is one of those persons, to whom this section could, and was intended to, apply. If it appears that the plaintiff does not answer to that description and that such an action could not be brought by him, then it was open to the defendants to attack his position as a complainant. The rule in such cases is that where the plaintiff has demurred to the answer and raises the question of its sufficiency in law, whether it is sufficient or not, the judgment of the court is invoked upon the law of the case as presented by the pleadings. (*Wright* v. *Booth*, 69 N. Y. 620.)

Taking the language of the section in the ordinary signification of words, it would refer only to a person who was interested in the maintenance of the will, and not to one claiming in hostility to it and that such is the correct application of the section becomes clear as we consider its relation to the other provisions of the Code and the purpose it accomplishes. The section reads that "Any person interested in a will or codicil admitted to probate in this state, as provided by the Code of Civil Procedure, may cause the validity of the probate thereof to be determined in an action in the Supreme Court for the county in which such probate is had. All devisees, legatees and heirs of the testator and other interested persons, including the executor or administrator, must be parties to the action. * * * The issue of the pleadings in such action shall be confined to the question of whether the writing produced is or is not the last will and codicil of the testator, or either." This language contemplates an action to be brought by some person interested in sustaining the will, to which all persons interested in the disposition of the testator's estate shall be made parties, and wherein the validity of the probate of the will may be determined conclusively as against them. Under sections 2647 and 2648 authority already

existed for the maintenance of a proceeding by "a person interested in the estate of the decedent" to revoke the probate of a will, at any time within one year after the recording of the decree admitting the will to probate. He had the opportunity of contesting before the surrogate the validity of the testator's will and he had the right to continue the contest through the appellate courts; but section 2647 gave to him a year from the recording of the decree within which he might revive the contest and secure a trial of the matter *de novo*. (*Hoyt* v. *Hoyt*, 112 N. Y. 493, 506.) There was no way, however, by which the validity of a will and its probate could be once and for all established and placed beyond attack by the heirs at law, until the enactment of section 2653*a*. It was open to them to bring ejectment at any time and to put the validity of the will of the decedent in question, and a person taking an interest under the will of a decedent was without remedy to establish his title and to prevent such actions. In *Long* v. *Rodgers* (79 Hun, 441), Mr. Justice Barrett, delivering the opinion of the court, spoke of the object of this enactment as being to expedite the settlement of estates and said : "It was to remedy this evil, to enable persons interested in sustaining a will as to real estate to gather all possible contestants into one forum, and, in effect, to 'conclude all mankind,' that the section in question was added." The section was *added* to the article in which it is placed, and it was not intended to substitute it for the existing scheme, which regulated the mode in which persons interested in the estate of the decedent might question the probate of a will. It provided a simple and effective procedure ; by resort to which any person interested in maintaining a will or codicil, which had once been admitted to probate, might cause the validity of the probate to be determined in a manner which would thereafter prevent the maintenance of other actions involving that question. So regarded, the section does not apply to a person situated as the plaintiff in this action was. He was not named in the will and took no benefit or advantage under it. His interest was

in opposition to the will.   All the interest that he could pretend to was that interest in the estate of the decedent which the law would entitle him to, if the will were declared to be an invalid testamentary disposition.

In our judgment the plaintiff was not a person interested in the will of Mrs. Snelling and, therefore, was not authorized to bring this action to determine its validity, or that of its probate.   The judgment appealed from should be reversed and judgment should be ordered for the defendants and appellants on the demurrer, with costs in all the courts.

All concur, except Bartlett, J., dissenting.

Judgment accordingly.