ELIZA A. WHITNEY, Respondent, *v.* HELEN M. BRITTON, Individually and as Executrix, etc., of ELIZABETH LEE, Deceased, Appellant.

*A child of a testatrix, who does not take under her will, is not " interested " in it — such child cannot maintain an action under § 2653a of the Code of Civil Procedure to determine its validity.*

A person who does not take under a will is not "interested" in it within the meaning of section 2653a of the Code of Civil Procedure, and, therefore, although a child of the testatrix, cannot maintain an action under that section to determine the validity of her will devising and bequeathing all her estate to the defendant in such action.

APPEAL by the defendant, Helen M. Britton, individually and as executrix, etc., of Elizabeth Lee, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of December, 1895, upon the verdict of a jury, and also from an order bearing date the 12th day of December, 1895, and entered in said clerk's office denying the defendant's motion for a new trial made upon the minutes.

*John H. Clapp,* for the appellant.

*E. E. Baldwin* and *George E. Miner,* for the respondent.

PARKER, J.:

The plaintiff, one of the two children of Elizabeth Lee, supposing that section 2653a of the Code authorized her to maintain a suit for the purpose of determining the validity of the will of said Elizabeth Lee, which devised and bequeathed to the defendant all the estate of the testatrix, commenced this suit and prosecuted it to judgment.

In the meantime it has been determined that a person who does not take under a will is not interested in it within the meaning of that section. (*Lewis* v. *Cook,* 150 N. Y. 163.) It follows that the judgment must be reversed and the complaint dismissed, with costs, on the ground that the plaintiff had no legal capacity to sue.

VAN BRUNT, P. J., RUMSEY, WILLIAMS and PATTERSON, JJ., concurred.

Judgment reversed and the complaint dismissed, with costs, on the ground that the plaintiff had no legal capacity to sue.