OCOBOCK v. EELES et al.

(Supreme Court, Appellate Division, Fourth Department. January 18, 1899.)

PROBATE—ACTION TO DETERMINE VALIDITY—PARTY—COMPLAINT.

An action to test validity of probate of a will being authorized by Code Civ. Proc. § 2653a, as amended by Laws 1897, c. 701, to be brought only by one interested in the will or the estate of testator, the complaint is insufficient where it merely alleges that plaintiff was devisee of a certain house under a prior will of testator, but does not show that it belonged to his estate at his death.

Appeal from special term, Cayuga county.

Action by Sarah Ocobock against May C. Eeles and others. Demurrer to complaint was overruled, and certain defendants appeal. Reversed.

The demurrer was upon three grounds: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) plaintiff has not legal capacity to sue, "because it appears by said complaint that the plaintiff is not interested in the estate of Caroline S. Gaylord, as heir at law, next of kin, or otherwise, and is not interested as devisee, legatee, or otherwise, in her will admitted to probate"; and (3) upon the further ground that the court has not jurisdiction of the subject of the action.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and McLENNAN, JJ.

Payne & Van Sickle, for appellants.
Oscar Tryon, for respondent.

HARDIN, P. J. This action was commenced on the 22d of September, 1897. Plaintiff, in her complaint, alleges:

That on the 6th of February, 1897, Caroline S. Gaylord departed this life, in the city of Auburn, at her home; that about the 5th day of September, 1895, she made and executed her last will and testament, "in and by which, among other devises and bequests, said Caroline S. Gaylord devised and bequeathed to this plaintiff and the defendant Clarence Ocobock, this plaintiff's son, a house and lot on Hoffman street, in said city aforesaid; * * * that thereafter, and on or about the 2d day of January, 1897, the said Caroline S. Gaylord made and executed a will, in and by which she devised and bequeathed her entire estate, both real and personal, to May C. Eeles and Boyd

Packer Eeles, defendants above named, and nominated therein the defendant Ella P. Eeles as executrix thereof; that said will was on the 7th day of September, 1897, admitted to probate in the surrogate's court in Cayuga county, N. Y., and letters testamentary thereunder issued to said Ella P. Eeles, who has qualified and is acting as such executrix; that said will so executed, on or about the 2d day of January, 1897, by said Caroline S. Gaylord, was not the last will and testament of said deceased; that, at the time of the execution thereof, said Caroline S. Gaylord was not of sound and disposing mind and memory, and competent to make and publish a last will, or to devise real estate; that the said will was made by said Caroline S. Gaylord while under the influence and restraint of the defendant Ella P. Eeles, who, by means of fraud and undue influence exercised upon said Caroline S. Gaylord while in a weakened and enfeebled condition, obtained said will to be made and executed, and thereby, and with the intention on the part of said Ella P. Eeles, to cause said former will of September 5, 1895, to be and become of no effect, and to cause the revocation of the same, and thereby to deprive and defraud this plaintiff and the defendant Clarence Ocobock out of the benefits of said former will, so executed as aforesaid."

It is not alleged in the complaint that the testatrix was the owner of a house and lot on Hoffman street at the time of her death, or at the time she made the second will, in 1897. Nor is it alleged that the said house and lot was any part of the estate left by the said testatrix, or that it was devised in and by the terms of her second will. Nor is it alleged that the plaintiff was an heir at law or next of kin of the testatrix, nor that the plaintiff was devisee or interested in or under the will of the 2d of January, 1897, which was admitted to probate in the surrogate's court of Cayuga county.

Section 2653a of the Code of Civil Procedure was adopted in 1892; and Lewis v. Cook, 150 N. Y. 163, 44 N. E. 778, was decided in October, 1896; and in that case it was held:

"The language of section 2653a, added to the Code of Civil Procedure in 1892, authorizing an action by a 'person interested in a will,' admitted to probate in this state, by which the validity of a will and its' probate may be established and placed beyond attack by the heirs at law, refers only to a person who is interested in the maintenance of the will, and the action cannot be maintained by one claiming in hostility to it."

In the course of the opinion delivered in that case, reference was made to Long v. Rodgers, 79 Hun, 441, 29 N. Y. Supp. 981, in which latter case it was suggested that a person interested in a will may bring an action under this section after the expiration of one year, to determine the title to real estate devised thereby. In further commenting upon the section, Judge Gray said, in Lewis v. Cook, supra:

"It provided a simple and effective procedure, by resort to which any person interested in maintaining a will or codicil which had once been admitted to probate might cause the validity of the probate to be determined in a manner which would thereafter prevent the maintenance of other actions involving that question. So regarded, the section does not apply to a person situated as the plaintiff in this action was. He was not named in the will, and took no benefit or advantage under it. His interest was in opposition to the will. All the interest that he could pretend to was that interest in the estate of the decedent which the law would entitle him to, if the will were declared to be an invalid testamentary disposition. In our judgment, the plaintiff was not a person interested in the will of Mrs. Snelling, and therefore was not authorized to bring this action to determine its validity, or that of its probate."

In Snow v. Hamilton, 90 Hun, 157, 35 N. Y. Supp. 775, the section, was under consideration, and it was held that:

"The use in the section of the language, 'Any person interested in a will or codicil admitted to probate,' does not preclude a person not named in a will, but who is interested in it or in its probate, from bringing an action, as contemplated by the section."

It was further⋅said in that case that all the heirs and other interested persons must be parties to the action. That case was referred to with approbation in Thomas v. Thomas (decided by the First department in October, 1896) 9 App. Div. 487, 41 N. Y. Supp. 276, in which latter case it was held that the section—

"Enacts that within a certain time any person interested in a will or codicil admitted to probate in this state may cause the validity of the probate thereof to be determined in an action in the supreme court. The precise point as to the interpretation of the words, 'any person interested in a will,' as they are used in the statute, was considered in the case of Snow v. Hamilton, 90 Hun, 161, 35 N. Y. Supp. 775; and it was held that they did not relate exclusively to a person named in the will, but included heirs at law and next of kin, and that any other construction would confine the remedy provided by the statute to beneficiaries under the will, and that such a construction is altogether too narrow. We think the views expressed in the case cited contain a correct interpretation of the statute."

In the Thomas Case the plaintiff was a daughter and heir at law of the testator whose will she challenged, and she also challenged a deed, and it appeared that the deed and the will referred to the same property and to the same title.

On the 23d of March, 1897, the legislature amended section 2653a by chapter 104, and it was provided that the chapter should take effect September 1, 1897. On the 22d of May, 1897, the legislature again amended the section by chapter 701 of the Laws of that year, and the section as thus amended provides, viz.:

"Any person interested as devisee, legatee or otherwise in a will or codicil admitted to probate in this state, as provided by the Code of Civil Procedure, or any person interested as heirs at law, next of kin or otherwise in any estate, any portion of which is disposed of, or affected, or any portion of which is attempted to be disposed of, or affected by a will or codicil admitted to probate in this state, as provided by the Code of Civil Procedure, within two years prior to the passage of this act, or any heir at law or next of kin of the testator making such will, may cause the validity or invalidity of the probate thereof to be determined in an action in the supreme court for the county in which such probate was had. * * *"

In that chapter it was provided the act should take effect immediately. The language used authorized an action to be brought by "any person interested as devisee, legatee or otherwise in a will, * * * or any person interested as heir at law, next of kin or otherwise in any estate, * * * or any heir at law or next of kin of the testator making such will." It is not alleged in the complaint in this case that the plaintiff was interested as devisee, legatee, or otherwise in the will admitted to probate; nor is it alleged that she is a person "interested as heir at law, next of kin or otherwise in any estate" disposed of by the second will; nor is it alleged in the complaint that she is an heir at law or next of kin of the testator making such will. The complaint therefore does not bring the plaintiff within the

exact terms of the statute. It is nowhere alleged that the house and lot on Hoffman street were any part of the estate of the deceased, or that they were controlled or affected by the will of the 2d of January, 1897. The plaintiff has not alleged facts sufficient to bring her within any of the provisions of the section authorizing the action to determine the validity of the will admitted to probate. If it be assumed that the second will was made by the testatrix when she was of unsound mind, or that it was the result of fraud practiced upon her, and, therefore, that it was inefficient, still there is no allegation in the complaint that indicates that, as to the estate left by her at the time of her death, the plaintiff had any interest therein. It seems to follow that the plaintiff has failed to allege facts sufficient to constitute a cause of action, within the permission of section 2653a, and that the demurrer ought to be sustained.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to the plaintiff to amend upon payment of the costs of the demurrer and of this appeal. All concur, except WARD, J., not voting.