### REID v. CURTIN.

(Supreme Court, Appellate Division, First Department. May 25, 1900.)

WILLS—VALIDITY OF PROBATE—ACTION TO DETERMINE.
Under Code Civ. Proc. § 2653a, as amended by Laws 1897, c. 104, providing that any person interested in any estate, any portion of which is disposed of by a will admitted to probate, may cause the validity of its probate to be determined in an action in the supreme court for the county in which the probate was had, an heir at law may sue in hostility to a will, to determine the validity of its probate.

Appeal from special term, New York county.

Action by Daniel J. Reid against Catherine Curtin, individually and as executrix of the will of James F. Curtin, deceased, to determine the

validity of its probate. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before HATCH, RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

C. Strauss, for appellant.

J. E. Duross, for respondent.

PATTERSON, J. From an interlocutory judgment overruling demurrers to the complaint, the defendants appeal. The subject presented for consideration is the right of the plaintiff to maintain the action. He sues as heir at law, and in hostility to the will of a testator, and seeks an adjudication that the probate of that instrument is invalid. The question is whether, under existing provisions of law, the right to sue was conferred upon him; for it is conceded that, without express statutory authority, the action will not lie. If that authority exists, it must be found in section 2653a of the Code of Civil Procedure. That section was originally enacted in 1892. It was twice amended in 1897. The doubt concerning the right of the plaintiff to sue in hostility to the will arises from what seems to be a confusion in the law caused by the amendments of 1897. The section, as originally passed in 1892, provided an entirely new remedy, by which the validity of the probate of a will "could be once and for all established and placed beyond attack." Lewis v. Cook, 150 N. Y. 166, 44 N. E. 779. It enacted, among other things, that any person interested in a will or codicil admitted to probate in this state as provided by the Code of Civil Procedure may cause the validity of the probate thereof to be determined in an action in the supreme court for the county in which such probate was had. In Snow v. Hamilton, 90 Hun, 157, 35 N. Y. Supp. 775; Johnson v. Cochrane, 91 Hun, 163, 36 N. Y. Supp. 287; Wallace v. Payne, 9 App. Div. 34, 41 N. Y. Supp. 111; Thomas v. Thomas, 9 App. Div. 487, 41 N. Y. Supp. 276,—it was held that, under the section as it was enacted in 1892, an heir at law or next of kin was authorized to sue in hostility to the will; but the doctrine of those cases was overruled in Lewis v. Cook, 150 N. Y. 163, 44 N. E. 778, which finally settled the construction of the statute as it then read, by holding that the right to sue inhered only in a person interested in the maintenance of the will. That decision of the court of last resort was announced in October, 1896; and at the next session of the legislature an amendment of section 2653a was passed, evidently to establish a different rule from that laid down by the court of appeals, and to enact as a provision of positive law that which had been declared by ultimate judicial authority not to be a correct rule of construction. The amendment became a law March 23, 1897 (chapter 104, Laws 1897), and was to take effect September 1, 1897. It provides, among other things, as follows:

"Any person interested as devisee, legatee or otherwise in a will or codicil admitted to probate in this state, as provided by the Code of Civil Procedure, or any person interested as heir at law, next of kin or otherwise in any estate, any portion of which is disposed of or affected, or any portion of which is attempted to be disposed of or affected by a will or codicil admitted to probate in this state, as provided by the Code of Civil Procedure, may cause the valid-

ity of the probate thereof to be determined in an action in the supreme court for the county in which such probate was had."

In May, 1897, by chapter 701 of the Laws of 1897, the section was again amended to read as follows:

"Any person interested as devisee, legatee or otherwise, in a will or codicil admitted to probate in this state, as provided by the Code of Civil Procedure, or any person interested as heir at law, next of kin or otherwise, in any estate, any portion of which is disposed of or affected or any portion of which is attempted to be disposed of or affected by a will or codicil admitted to probate in this state, as provided by the Code of Civil Procedure, *within two years prior to the passage of this act, or any heir at law or next of kin of the testator making such will,* may cause the validity or *invalidity* of the probate thereof to be determined in an action in the supreme court for the county in which such probate was had."

That amendment was to take effect immediately, and did take effect May 27, 1897.

It will be noticed that the difference between the phraseology of the amendment of March and the amendment of May is the introduction in the last amendment of the words italicized in the foregoing transcription of the amendment of May. The contention of the appellant now is that the amendment of March, 1897, is the only statutory provision now in force; that its correct construction leaves the subject precisely as it stood under the decision in Lewis v. Cook, supra; that the amendment of May, 1897, was in force only from the time of its passage until September, 1897, when the March amendment went into operation, and that it is obvious from the new words introduced into the section by the amendment of May that the legislature understood that the March amendment was insufficient to confer the right to sue in hostility to the will; and that in order to confer that right the word "invalidity" was inserted in the May amendment. If it were necessary to select between these amendments, and to determine which is in force, we should be strongly inclined to the view that the May amendment superseded that of March. It is legislation upon the whole subject of actions relating to the establishment by judicial decree of the validity or invalidity of the probate of a will. It is to be noticed that all that can be done under the amendment of March may still be done under that passed in May. There is inserted in the May amendment only a provision with reference to an heir at law or next of kin of a testator making a will admitted to probate within two years prior to the passage of the act, causing the validity or invalidity of the probate to be determined. As the May amendment is general legislation covering the whole subject-matter of antecedent legislation as to the same subject-matter, the only inference would seem to be that the legislature intended the May enactment to be a complete substitute for that of March. But, however that may be, and assuming that the March amendment is in operation and controls the plaintiff's right, then it would also seem clear that the right was given to the plaintiff under that amendment to maintain this action in its present form. In view of what was declared to be the law in the Lewis Case, and of the fact that in the amendment of March, 1897, a right is given to the heir at law, it is plain that the legislature must have intended to make a change which would give to the heir at law, as such, a right to sue,

which, prior to the amendment, he did not possess. The right is given to him in his capacity as heir at law, which necessarily assumes a status opposed to that of a devisee or one taking under the will, or interested in the support or maintenance of the will. The right is conferred, not only upon one interested under the will, but upon "any person interested as heir at law, next of kin or otherwise in any estate, any portion of which is disposed of or affected," etc., "by a will or codicil admitted to probate in the state." The necessary construction of this phraseology is that it was intended to confer upon persons interested in the estate a right not previously conferred upon them, and which right theretofore pertained only to those interested in or under the will. Any other construction would make the amendment of March, 1897, a simple absurdity; and it would be a greater absurdity to construe the statute as authorizing the heir at law, as such, to maintain the action for the purpose of establishing the validity of the will. When the right was given to sue, it necessarily carried with it, upon the issue of the validity of the will, the power of the court to determine the invalidity. Therefore, whether the amendment of March or the amendment of May is to apply, the result is the same. There is nothing in the statutory construction law which affects the particular question presented by this record.

The judgment appealed from should be affirmed, with costs, with leave to defendant to withdraw demurrer, and answer in 20 days, on payment of costs in this court and in the court below. All concur.