MOCK et al. v. KAUFMAN et al.

(Supreme Court, Appellate Division, Fourth Department. May 12, 1903.)

1. WILLS—ACTION TO DETERMINE INVALIDITY—SUFFICIENCY OF EVIDENCE.

Evidence in an action under Code Civ. Proc. § 2653a, to determine the invalidity of a will, where the decree admitting it to probate is prima facie evidence of its validity, *held* sufficient to sustain a verdict upholding it, the issues being as to due attestation and execution.

2. SAME—WITNESSES.
It is a sufficient subscription by G. as witness to a will that E. wrote G.'s name in his presence, at the request of G. or of testator in G.'s presence.

3. SAME—DUE EXECUTION—PROOF.
Where, in an action to determine the invalidity of a will, there is no question of mental incapacity or undue influence, and the person who supervised its execution was familiar with the requirements of the statute relative thereto, and a long time had elapsed since its execution, and the witnesses thereto did not appreciate what each step in such requirements signified, the will may be sustained, though the subscribing witnesses, because of a failure of recollection, do not testify in full measure to every detail of the execution.

4. SAME—CROSS-EXAMINATION.
Plaintiff, on direct examination of witness, in an action to determine the invalidity of a will, having asked him if he recalled suspecting what the paper was when he signed it, and he having answered in detail, complaint cannot be made of his testimony on cross-examination that he believed it was the will of deceased when he signed it.

5. SAME—EVIDENCE OF FORMER WILL.
The questions in an action to determine the invalidity of a will being as to whether requirements of the statute as to execution were complied with, evidence that testator had executed another will a year or two before is admissible, with proof that he superintended its execution and complied with the formalities of the statute.

Appeal from Trial Term, Monroe County.

Action by Anna E. Mock and others against Mary Elizabeth Kaufman and others. From a judgment on a verdict for defendants establishing the validity of the will of Leander W. Kaufman, deceased, and from an order denying a motion for new trial on the minutes, plaintiffs appeal. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Louis E. Fuller, for appellants.
Henry G. Danforth and Werner & Harris, for respondents.

SPRING, J. The alleged will of Leander W. Kaufman, deceased, a resident of the city of Rochester, was admitted to probate in the Surrogate's Court of Monroe county in proceedings had therefor on the 12th day of April, 1899. This action was commenced August 27, 1900, by the heirs at law of the said Kaufman, to determine the invalidity of the said will, pursuant to section 2653a of the Code of Civil Procedure. This section ingrafted a new procedure on the practice for the determination of the validity of wills by action. As originally passed in 1892, it was construed, by reason of the peculiar phraseology used, to confine the action to one in behalf of the validity or maintenance of the will. Lewis v. Cook, 150 N. Y. 163, 44 N. E. 778. In 1896 the section was amended, permitting the action to be maintained by "any person interested as heir at law * * * or otherwise," to test "the validity or invalidity of the probate thereof," by action in the Supreme Court. Reid v. Curtin, as Executor, 51 App. Div. 545, 64 N. Y. Supp. 833. The section provides that the decree of the Surrogate's Court "admitting the will or codicil to probate shall be prima facie evidence of the due attestation, execution

and validity of such will or codicil." The procedure on the trial is prescribed in the section to the extent, so far as pertinent here, that the party sustaining the will "shall offer the will in probate and rest," and thereupon the contestants take the case. The onus, therefore, of impeaching the validity of the will is cast upon the contestants. Dobie v. Armstrong, 160 N. Y. 584, 590, 55 N. E. 302; Hagan v. Sone, 174 N. Y. 317, 66 N. E. 973.

Goodman, one of the subscribing witnesses, died before the will was proved in the Surrogate's Court. Upon that proceeding the other witness, Etz, testified to the due execution of the will, verifying the usual affidavit on such a hearing, and was also examined orally by the surrogate. Henry C. Albee, who had been engaged in a collecting business in Rochester, and knew both Kaufman and Goodman, executed· two affidavits, the one certifying to the genuineness of the signature of Kaufman, the testator, and the other to the genuineness of the signature of Goodman to the will. The will, decree, and the affidavits mentioned, upon which the probate was founded, were received in evidence without objection, and the effect of this evidence I will refer to later. Albee, who was produced by the plaintiffs on the trial, testified that the signature purporting to be that of Goodman was not genuine; that he did not read the affidavits verified by him in the Surrogate's Court, but afterwards ascertained their contents, and apprised Mr. Werner, one of the counsel who had charge of the probate, that the signature was not that of Goodman, and that he did not understand he had so stated in his affidavit. There is a sharp conflict between the witness and Werner on the main items embodied in Albee's story. Etz, who was also sworn on behalf of the plaintiffs, modified his testimony very materially from that given by him in the Surrogate's Court. This witness was an old man 75 years of age, in poor health, and it may be fairly stated from reading his testimony that he failed to recollect substantially what occurred at the time of the execution of the will in 1890. The instrument propounded, it seems, was drawn by Mr. Kaufman himself, and the evidence further shows that he had previously drawn and attended to the execution of a will for himself, and at that time the formalities of the statute pertaining to the execution of wills were complied with, under his directions. The will itself contains inherent evidence that Mr. Kaufman was a man of intelligence. Etz several times declined to state positively that Mr. Kaufman did not state that the instrument was his last will and testament, and that he did not request the witness and Goodman to sign it as subscribing witnesses. The farthest the witness could be prevailed upon to go was that he had no distinct recollection on that subject. He further stated that, when he testified before the surrogate, "his recollection and health were better than they are to-day," and that he then testified to the truth. He further stated that it was his "best recollection at the time that Daniel Goodman signed his name himself." This witness' examination was considerably prolonged, but, when sifted down, all it amounts to is that he has no definite recollection of all that occurred at the time the will was executed. Two witnesses, one a teller in a bank in Rochester, and the other long employed in examining signatures in the Commer-

cial Bank, testified, on a comparison of the purported signature of Goodman with his genuine signatures identified and produced upon the trial, that the signature to the will was not that of Goodman, but was made by the person who wrote the name of Etz as subscribing witness. Etz himself testified on this subject that, while he had supposed the signature had been actually written by Goodman, yet an examination of it led him to believe that he wrote it. While an inspection of the signatures might lead to the conclusion that Goodman did not in fact sign his name to the will, yet the exhibits upon which the experts relied were produced in evidence, and were subject to the inspection of the jury, and that evidence, with the other testimony, made a question of fact for them to pass upon. As I have stated, the testimony given by Albee and Etz in the Surrogate's Court was received in evidence. The section of the Code referred to seems to contemplate that only the will of the testator, with the decree admitting it to probate, shall be received in evidence, and that constitutes the prima facie case of the proponents. Hagan v. Sone, supra. The affidavits of Etz and Albee were, however, admitted without objection, and are entitled to full significance as original evidence. They show clearly a due execution of the will, and their effect is not so outweighed by the contradictory testimony of these witnesses on the trial and that of the experts as to require the direction of a verdict for the plaintiffs or the granting of a new trial on the minutes of the court. Again, as already stated, it is to be noted that Kaufman himself was familiar with the execution of wills, and that is a circumstance of considerable value, in view of the fact that 11 years elapsed between the time the instrument propounded was executed and the trial of this action in the Supreme Court. A trial before a jury was evidently designed by this section of the Code, and it must be an extreme case in order to justify a trial court in directing a verdict or granting a new trial for the plaintiffs, who are endeavoring to establish the invalidity of the probate. Hagan v. Sone, supra.

The trial proceeded very largely upon the assumption that it was necessary for Goodman personally to sign his name as a subscribing witness to the will. If the signature had in fact been made by Etz at the direction of Goodman and in his presence, with the usual request and declaration of the testator, that would be a sufficient compliance with the statute. A subscribing witness may sign by mark or by another person, the same as the testator himself. Jessup's Surrogate Practice, 378; Redfield, Law and Practice in Surrogate's Court (3d Ed.) 169; Lord v. Lord, 58 N. H. 7, 42 Am. Rep. 565. Etz was questioned, however, on this subject, and testified on the direct examination: "I. remember Mr. Kaufman's dictating Mr. Goodman's address to whoever wrote the name there. If I wrote the name there, he must have dictated it to me. I remember his dictating Goodman's address to the man who wrote Goodman's name." On cross-examination he testified, in effect, he was unable to state whether Goodman asked him to sign the will for him or not. If Etz, which seems probable, wrote Goodman's name in the latter's presence, either at the request of Goodman or of the testator in the presence of Goodman, this would be a sufficient subscription by

Goodman to the will, assuming the other necessary formalities were complied with.

Where there is no question of mental incapacity or of undue influence, and the person supervising the execution of the will is familiar with the requirements of the statute pertaining to such execution, and a long time has gone by since the transaction, and the witnesses do not appreciate just what each step in these requirements signifies, and their testimony, at most, is an absence of recollection as to some of the features, rigid, explicit proof may not be required. A substantial compliance with the requisites attending execution must be adhered to, but the desire to carry out the wishes of a competent testator often induces the courts to abate somewhat from positive proof in such a case, where the inference is fairly deducible that the will was duly executed, but the subscribing witnesses, by reason of a failure of recollection, do not explicitly testify in full measure to every detail.

There are many exceptions taken by the counsel for the appellants to the reception of evidence, and also to the refusals to charge. It is urged quite strenuously that the evidence given by Etz on cross-examination, to the effect that he believed this was the will of Kaufman when he signed it, was improper. The examination on this subject of the witnesses' belief and impression is carried along to undue length by the cross-examiner, but I do not see how the appellant's counsel can complain because he set on foot this method of examination. Etz was asked on direct examination if he recalled "suspecting what the paper was at the time he signed it," which he answered in detail. Again, his affidavit was received in evidence at the instance of the plaintiffs, in which he stated that he suspected that this was the will of Kaufman. This opened the door for the defendants to pursue the subject at any reasonable length permitted by the court. We think the evidence that Kaufman had executed another will a year or two before is competent, accompanied, as it was, with proof that he superintended the execution of that will and complied with the formalities of the statute. There were several exceptions to the charge taken by the counsel for the appellants, which may have constituted reversible error, except for the fact that they were subsequently cured by the court. He finally did submit to the jury, pointedly, whether each requirement of the statute had been complied with, instead of limiting it to the question pertaining to the signature of Goodman.

The judgment and order are affirmed, with costs to the respondent. All concur.