In the Matter of the Estate of FREDERICK W. HUMISTON, Deceased.

Surrogate's Court, Oneida County, October 6, 1926.

**Wills — probate of lost or destroyed will — evidence shows that will was in existence at time of testator's death — execution — name of witness to will may be signed by another if signature is made in witness' presence and at her request — contents of will proven under Surrogate's Court Act, § 143.**

In proceedings to probate a lost or destroyed will, the evidence shows, as required by section 143 of the Surrogate's Court Act, that the will was executed and was in existence at the time of the testator's death, and the evidence also shows the contents of the will in a manner required by section 143.

The will was properly executed, although the name of one of the witnesses was signed by the other witness, for it was proven that the name of that witness was affixed to the will by her husband in her presence and at her request.

APPLICATION for probate of lost or destroyed will.

*R. S. Johnson* and *Smith Johnson*, for the proponent. Marium Finch.

*B. A. Capron*, for the respondent.

EVANS, S. Frederick W. Humiston died in the town of Florence, Oneida county, N. Y., on or about the 28th day of February, 1926. It is claimed by the petitioner that the decedent executed a last will and testament during the months of January or February, 1926, but the exact date is undetermined. She also claims that this will was in existence subsequent to the death of the decedent and was either lost or destroyed.

The decedent was an unmarried man, nearly seventy years of age, who lived alone. The evidence is that shortly before his death and during the present year the decedent called at the house of a neighbor named Elmer Fuller and asked Mr. and Mrs. Fuller to sign as witnesses to a will that he had personally drawn. They agreed to comply with his request and accordingly the will was read aloud to them by the decedent who declared the instrument to be his last will and testament. The decedent signed the will in the presence of both Mr. and Mrs. Fuller and Mr. Fuller signed as a witness and at the request of his wife, Mr. Fuller signed her name as a witness, all in the presence of each other.

This transaction took place in the sitting room of the Fuller house and after its completion the decedent took the will and pinned it in his pocket with a safety pin. On this occasion the decedent wore two coats and according to the proof he put the will in the tail pocket of his under coat. The instrument consisted of two sheets of ruled paper. This was the last time that Mr. and Mrs. Fuller ever saw the decedent. It appears from the testimony of several neighbors that the will to which Mr. and Mrs. Fuller were witnesses was in existence after the death of the decedent.

Several read the will and gave evidence of its contents. It was found with other papers in the coat pocket where it was put on the day of its execution at the Fuller house.

There appears to be some mystery concerning the disappearance of the will, but I entertain no doubt but what it has been lost or destroyed and that there is a foundation for this proceeding.

Section 143 of the Surrogate's Court Act provides: " A lost or destroyed will can be admitted to probate in a Surrogate's Court,

but only in case the will was in existence at the time of the testator's death, or was fraudulently destroyed in his lifetime, and its provisions are clearly and distinctly proved by at least two credible witnesses, a correct copy or draft being equivalent to one witness."

Mrs. Fuller testified that she asked her husband to sign her name as a witness. She further testified that she is and was able to write her name but that their children have done the writing for their parents for some time past and that she has done no writing for a " good while."

Section 21 of the Decedent Estate Law provides the manner of execution of a will. Subdivision 4 of this section provides: " There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator."

The procedure adopted in witnessing the instrument now under consideration raises the question whether there was a substantial compliance with the statute. Cases of similar character are rare. In a proceeding to probate a paper purporting to be the last will of Eliza Strong in the Surrogate's Court of Westchester county, N. Y., the witnesses were Darius A. Secor and Sarah Secor, his wife. Mr. Secor signed his own name as a witness and Mrs. Secor, who had a felon on her right hand, requested her husband to sign her name as a witness, which he did. This was held to be a compliance with the statute. (*Matter of Strong*, 16 N. Y. Supp. 104.)

It was later held in *Mock* v. *Garson* (84 App. Div. 65, 69), in an opinion by Mr. Justice SPRING, that: " A subscribing witness may sign by mark or by another person, the same as the testator himself."

I, therefore, hold and decide that there was due and legal execution and attestation of this instrument and that it was a valid will. The evidence of three disinterested witnesses clearly shows that the testator willed his property to Marium Finch, the petitioner herein, subject to the right of a sister of testator named Philinda Penree to have a home in the premises during her lifetime. These witnesses also agree that Marium Finch was appointed executor. Other witnesses testified in part to these facts.

I find and decide that the decedent, Frederick W. Humiston, executed a valid will of real and personal property on some date in the months of January or February, 1926, and that said will was in existence at the time and subsequent to the date of his death in February, 1926; that said will was lost or destroyed; that by its terms Marium Finch was appointed executor and that the real and personal property of the testator was bequeathed and devised

to her, subject to the right of Philinda Penree to have a home on the premises during her lifetime if she so elects; that said will should be admitted to probate as a lost or destroyed will.

Decreed accordingly.