MONROE COUNTY.—HON. J. A. ADLINGTON, SURRO-GATE.—April, 1888.

RAMSDELL *v.* VIELE.

*In the matter of the application for probate of a paper propounded as the will of* LOUISA M. RAMSDELL, *deceased.*

Under Code Civ. Pro., § 2623, providing that a will must be admitted to probate, on application, "if it appears to the Surrogate" that the same was duly executed, and "that the testator, at the time of executing it, was in all respects competent to make a will," . . . . . a proponent must show affirmatively, before resting his case, that the testator was of sound mind.

The proponents, on applying for probate of a will, called but one witness, a stranger to decedent, who was the only survivor of the subscribing witnesses, and who, after testifying to the formalities of execution, and that decedent understood the provisions of the instrument, stated that she was of unsound mind at the time; and then rested. Thereupon contestants moved to dismiss the proceedings, for failure to prove mental competency.—

*Held,* that the motion must prevail.

DECEDENT died at Rochester, N. Y., on January 17th, 1888, leaving two adult children surviving her, both of whom were insane. Her alleged will dated July 16th, 1883, presented for probate by Platt B. Viele and another, executors therein named, directed nearly the whole of her estate, amounting to over $100,000, to be expended in the erection of a tomb

for herself and family.   The application was contested by the committees of the insane children, on the ground of unsoundness of mind on the part of decedent.   The sole surviving witness to the will was Mr. Camp, and he was the only person examined on the trial.   He testified to the conversation and circumstances attending the drawing and execution of the will, and that it was executed according to law.   He also stated that the decedent understood the contents and provisions of the paper, but that her mind was unsound at the time she executed it.

The proponents rested on this testimony.   The contestants then moved to dismiss the proceedings for failure to prove mental competency.   .

JOHN M. DAVY, *for proponents.*

JOHN VAN VOORHIS, *for contestants.*

THE SURROGATE.—This is a motion to dismiss the proceedings of the proponents, for failure to prove the mental competency of the alleged testatrix.   The motion was first made at the close of proponents' case, and was denied off-hand, without examination of the testimony given on the hearing, and with the expectation that the production of witnesses on both sides would follow; but the fact that counsel appeared between the time of the informal argument and the day fixed for taking testimony, and requested that further arguments be heard and that briefs might be submitted, leads me to infer that the parties wish the whole matter disposed of by the decision of this motion.

The motion rests chiefly upon technical grounds, and relates to forms of procedure rather than to the real merits of the issue formed by the pleadings herein, which issue is the sanity of the decedent. No witness, from the city in which Mrs. Ramsdell had so long lived, and in which she had successfully transacted the business of her large estate, has been called to give evidence as to the competency, or incompetency, of the deceased to make a will. The parties to this contest have preferred to subordinate the principal question to a controversy over the order of proofs and methods of procedure; and the only person examined in the proceeding is the survivor of two attesting witnesses, who, at the time of the execution of the will, was a stranger to the decedent, and entirely unacquainted with her habits, character, feelings and capabilities. It is needless to say that such testimony does not furnish a satisfactory basis for a fair and an intelligent judgment on the main question in issue, and that, in deciding this motion, I do not pass upon that question, except as it is incidentally involved in the technical issue raised by this motion.

The proponents' position on the motion is, that they are only required, in the first instance, to prove the formal execution of the will, and that, such proof being made, a legal presumption of the sanity of the testator then arises, on which proponents may safely rest until the contestants have given evidence tending to show the insanity of such testator; to which evidence the proponents may then oppose such evidence as they may have, in support of decedent's soundness of mind. The contestants insist that this position is

incorrect, and that the proponents, before resting, must prove, *prima facie*, not only the formal execution of the will, but also the decedent's soundness of mind, and freedom from restraint; and that the necessity for furnishing such proof is the stronger in the present case from the fact, that the only witness sworn testifies that, in his opinion, the decedent was of unsound mind at the time of executing the alleged will.

This precise point has seldom been discussed in the reported decisions of this State. The usual practice in will contests, involving the sanity of the testator, in our Surrogates' courts, is for the proponent to prove the formal execution of the will, and to show *prima facie*, by the attesting witnesses, the decedent's age, mental competency, and freedom from restraint. The contestant then offers his evidence in support of his allegations of unsoundness of mind, and the proponent closes with testimony in reply, and in support of the allegations which he is bound to maintain. On the whole issue, made as just stated, the courts of this State have frequently declared that the burden of proving a decedent's unsoundness of mind is on him who asserts the existence of that unnatural condition. This doctrine is formulated in Delafield v. Parish (25 *N. Y.*, 97), and has been often reiterated by all of our courts.

It must be observed, however, that this is a very different question from the one here presented; for the contestants have as yet offered no testimony, and maintain that the proponents must fail for the lack of proof of a material fact. This distinction is clearly drawn, in the opinion of the General Term of the Third

Department, in Harper v. Harper (1 *T. & C.*, 355), in which the court says : " It is the established law of this State that the legal presumption, to begin with, is that every man is *compos mentis*, and the burden of proof that he is *non compos mentis*, rests on the party who alleges that unnatural condition of mind existing in the testator. *But it is also the rule that, in the first instance, the party propounding the will must prove the mental capacity of the testator.*"    In Delafield v. Parish (25 *N. Y.*, 34), Judge DAVIES also says: " The party propounding the will is bound to prove to the satisfaction of the court that the paper in question does declare the will of the deceased, and that the supposed testator was, at the time of making and publishing the document, propounded as his will, of sound and disposing mind and memory."    In Kingsley v. Blanchard (66 *Barb.*, 317, 322), a case in which only the subscribing witnesses to the will were sworn, and where neither of them stated whether or not the testatrix was of sound mind, after some discussion of the testimony as to the execution of the will, and a quotation of the provisions of the Revised Statutes regulating the probate of wills, the General Term say : " The question then is, whether the testatrix is shown to have been a person of sound mind, within the meaning of these terms, when applied to testamentary dispositions of property.    *This fact must be proved; and the burden of its proof rests on the party propounding the will.*"    If the legislature had intended (by the provisions of the statutes above mentioned), that the Surrogate might be satisfied with presumptive proof, it would never have

been guilty of the folly of requiring a fact to be proved which the law presumed to exist."

Again, in Miller v. White (5 *Redf.*, 321), it is said : " The burden of proving unsoundness of mind is on the contestant, but it is expected of the party offering a will for probate that he will examine the subscribing witnesses as to the condition of the testator's mind." In the Matter of Cottrell (95 *N. Y.*, 336), the Court of Appeals say : " The proponent has the affirmative of the issue, and if he fails to convince the trial court, by satisfactory evidence, that each and every condition required to make a good execution of a will has been complied with, he will necessarily fail in establishing such will." In the only recent work on Surrogate's Practice in this State (Redf. Surr. Prac., 3d ed., 216), the matter is put as follows : " On the question of probate, the orderly and proper course for the introduction of evidence is, first, to prove the requisite formalities attending the execution, publication and attestation of the will, and then show that the testator was, at the time, of the proper age and mental soundness, and was not unduly influenced in the testamentary act." The necessity for observing this order of proof is now emphasized by the provisions of the Code of Civil Procedure, §§ 2622, 2623. As to the former, Surrogate ROLLINS says, in Cooper v. Benedict (3 *Dem.*, 136), that it has lent a new sanction to the doctrine, enunciated in Delafield v. Parish (*supra*), that the proponent of a will must prove to the satisfaction of the court that the supposed testator, at the time of the execution of the alleged will, was of sound and disposing mind and memory.

Section 2623, and the subject here under consideration, are discussed in Matter of Freeman (46 *Hun*, 467, 468), from which I quote: " It is claimed by the respondents, who were the proponents, that, the formal execution of the will having been established, it was unnecessary for the proponents to give any evidence of mental capacity of the testatrix to make a will; that the contestants had the burden of proof of showing incapacity, and, as they gave no evidence at all, the Surrogate might and should presume the existence of mental capacity, and admit the will to probate. I think this will not answer. The Code of Civil Procedure provides (§ 2623): ' If it appears to the Surrogate that the will was duly executed, and that the testator, at the time of executing it, was in all respects competent to make a will, and not under restraint it must be admitted to probate.' "

\*  \*  \*  \*  \*  \*  \*  \*

The same principle has been laid down in numerous cases, decided by the courts of last resort, in many other leading States of the Union (Brooks v. Barrett, 7 *Pick.*, 94, 98; Crowninshield v. Crowninshield, 2 *Gray*, 524, 532; Gerrish v. Nason, 22 *Me.*, 438, 441; Perkins v. Perkins, 39 *N. H.*, 168; Taff v. Hosmer, 14 *Mich.*, 309; Aikin v. Weckerly, 19 *Mich.*, 482, 502, 503; Comstock v. Hadlyme, 8 *Conn.*, 261; Renn v. Samos, 33 *Texas*, 760; Williams v. Robinson, 42 *Vt.*, 658).

I conclude, therefore, that the law is that the proponents, in addition to proof of the due execution of the will, must show affirmatively, before resting their case, that the testator was of sound mind and free

from undue influence, at the time of the alleged testamentary transaction. The necessary *prima facie* proof may be, and usually is, furnished by the attesting witnesses to the will; but, if they express no opinion, or an unfavorable one, the fact of insanity may still be presumptively established by the testimony of the subscribing witnesses, or of other persons, to facts and circumstances from which capacity may be fairly and legitimately inferred (Kingsley v. Blanchard, 66 *Barb.*, 322, 323).

In the present proceeding, after a careful examination of the testimony given by the single witness examined, I cannot say that I am satisfied as to the competency of the decedent at the time of the alleged testamentary act. It is true that the witness says that Mrs. Ramsdell conversed intelligently, and understood the contents of the instrument, and the nature of the transaction, but he says further that he did not think her mind was sound. He says: " Her natural affections seemed to be perverted. Instead of having that feeling of kindness and consideration for her children that a mother would naturally have, she seemed indifferent to them and to dislike them. Her natural affections were blunted. She seemed to have no conception of the fact that she was owing certain duties to those children, or that they were objects of her bounty. That conclusion I arrived at, after talking with Mrs. Ramsdell for an hour. Our conversation left the impression on my mind that her mind was not right. She didn't seem to comprehend the proper objects of her bounty. A portion of her conversation impressed me as rational and a portion as irrational."

In view of all this testimony standing without contradiction, or attempted extenuation, I must allow the contestants' motion to prevail.   No question was raised as to whether or not the proponents' proofs, of the formal execution of the alleged will, comply with the requirements of § 2619 of the Code of Civil Procedure, and I, therefore, do not discuss that subject.