470), where an order denying such a motion was reversed and a new trial granted upon that ground.

The order must be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Order affirmed, with costs.

---

In the Matter of the Probate of the Last Will and Testament of JOHN W. FLANSBURGH, Deceased; SUSAN BRIZZEE, Appellant, CALISTA A. MILLER, Respondent.

*Testamentary capacity — presumption that every man is compos mentis — proof in that respect required of the proponents of a will.*

If a testator's mental powers enable him to understand and appreciate the amount and condition of his property and to comprehend the nature and consequences of his act in executing his will, he is at liberty to dispose of his property as to him seems best so long as the disposition is in accordance with his own free act.

Although the legal presumption is that every man is *compos mentis*, and the burden of proof that he is not rests upon the party alleging it, it nevertheless devolves upon the proponents of an alleged last will and testament to prove not only the execution and publication of such will, but also the mental capacity of the testator, and if, upon a consideration of the evidence upon both sides, the court is not satisfied that the testator was of sound and disposing mind and memory, the probate of such instrument should be denied.

APPEAL by Susan Brizzee, a legatee named in the alleged will of John W. Flansburgh, deceased, from a decree of the Surrogate's Court of the county of Broome, entered in the Broome County Surrogate's Court on the 15th day of December, 1893, refusing the probate of an instrument offered as and for the last will and testament of John W. Flansburgh, deceased.

*Carver, Deyo & Jenkins*, for the appellant.

*A. D. Wales*, for the respondent.

MARTIN, J.:

It was expressly found by the Surrogate's Court that the execution of the will in question was not procured by undue influence.

This finding was, we think, fully justified by the evidence. The only ground upon which probate of the testator's will was denied was that he was not of sound and disposing mind and memory, and not competent to make a valid will. Hence, the only question to be determined upon this appeal is whether the evidence was sufficient to fairly justify that conclusion.

If the testator's mental powers enabled him to understand and appreciate the amount and condition of his property and to comprehend the nature and consequences of his act in executing the will in question, he was at liberty to dispose of his property as to him seemed best so long as the disposition was his own free act. (*Matter of Will of Snelling*, 136 N. Y. 515, 517.) Although the legal presumption is that every man is *compos mentis*, and the burden of proof that he is not rests upon the party alleging it, still it devolved upon the proponents to prove not only the execution and publication of this will, but also the mental capacity of the testator, and if, upon consideration of the evidence on both sides, the court properly was not satisfied that the testator was of sound and disposing mind and memory the probate should have been denied. (*Delafield* v. *Parish*, 25 N. Y. 9.)

While the evidence offered by the contestants tended to show that the testator was more irritable and excitable in the later years of his life than formerly; that he was for several years before and until about the time of the execution of his will subject to epileptic fits; that he was not always cleanly in the use of tobacco or as particular as formerly in the exposure of his person when attending to the calls of nature; that he sometimes got lost; that he was partially blind (which may explain some of these acts); that in a spirit of fun he sometimes performed acts of a childish nature; that he became distrustful of his daughter and her husband when they had quarreled as Dr. Dibble predicted they would because the daughter and father were so nearly alike, and that he sometimes shed tears, presumably when meditating upon the troubles which encompassed him; yet, after a careful study of all the evidence contained in the appeal book, we are unable to concur in the conclusion of the learned surrogate as to the incompetency of the testator to make the will in question. We are, therefore, of the opinion that

the decree of the Surrogate's Court should be reversed and the issues tried before a jury.

HARDIN, P. J., and MERWIN, J., concurred.

Decree of Surrogate's Court of Broome county reversed and a new trial of the issues of fact directed before a jury of the Circuit Court of Broome county, with costs to abide the final award of costs. The order to be settled before MARTIN, J.