(74 App. Div. 338.)

## HEATH v. KOCH et al.

(Supreme Court, Appellate Division, First Department.  July 8, 1902.)

1. WILLS—CONTEST—EVIDENCE—BURDEN OF PROOF.
    Under Code Civ. Proc. § 2653a, providing that the decree of the surrogate admitting a will to probate shall be prima facie evidence of its due attestation, execution, and validity, and providing that the party sustaining the will shall offer it in evidence and then rest, the burden of overcoming the prima facie case made by the decree is on the party attacking the will.

2. SAME—UNDUE INFLUENCE—EXCLUSION OF CHILD.
    The fact that a testator makes no provision for a child does not create an inference of undue influence.

3. SAME.
    Testator's will recited that he excluded a son because he "was" amply provided for by his grandmother. A prior will gave as testator's reason that he considered the son "amply provided for by his grandmother." *Held* inferable from the use of the word "was" that testator knew that the son had lost by speculation and otherwise a portion of the money received from the grandmother.

4. SAME.
    A provision in a will which only gives a bequest to a son, who has changed his name, on condition of the death of prior beneficiaries, and the use by the son of his family name, shows a reason for the exclusion of the son, tending to negative undue influence.

Appeal from trial term, New York county.

Action by Henry G. K. Heath against Anna Catharine Koch, as executrix of Henry C. F. Koch, deceased, and others, to test the validity of the decedent's will.  From a judgment dismissing his complaint, plaintiff appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Henry G. K. Heath, in pro. per.

Emanuel J. Myers, for respondents.

McLAUGHLIN, J.  On the 5th of September, 1900, Henry C. F. Koch died, leaving a will, which has been admitted to probate, and letters testamentary issued thereon.  He left him surviving a widow and three sons,—the plaintiff, a son of a former marriage, and the defendants William and Erduin.  By his will he gave all of his property to his widow and the two sons by his second marriage; no provision whatever being made for the plaintiff, for the reason, according to the language of the testator, as stated in the twelfth clause of the will, that he considered "he was amply provided for by his grandmother, the late Mrs. Sarah A. Heath."  The plaintiff, feeling aggrieved, brought this action, under section 2653a of the Code of Civil Procedure, to test the validity of the will; charging, in substance, that the same was invalid, in that it was procured by fraud and undue influence.  At the trial, at the close of plaintiff's case, the complaint was dismissed, and from the judgment thereafter entered this appeal was taken.

By the terms of the section of the Code cited, the decree of the

surrogate admitting the will to probate is prima facie evidence of its due attestation, execution, and validity (Cook v. White, 43 App. Div. 388, 60 N. Y. Supp. 153), and the burden of overcoming the same is upon the one asserting the invalidity (Dobie v. Armstrong, 160 N. Y. 584, 55 N. E. 302). A consideration of the record demonstrates that the plaintiff entirely failed in his attack upon the will. There is absolutely nothing which indicates that any undue influence, or in fact any influence whatever, was exerted over the testator when he made the will, and the only inference which could possibly be indulged in in this respect is that no provision was made for the plaintiff. But no obligation rested upon the testator to make any provision for the plaintiff, and it has been distinctly held that the presumption of validity of a will is not affected by the failure of a parent to provide for a child. Dobie v. Armstrong, supra. That undue influence which will invalidate a will must be such importunity, influence, or power as deprives the testator of the free exercise of his intellectual powers. Gardiner v. Gardiner, 34 N. Y. 155; Society v. Loveridge, 70 N. Y. 394; Coit v. Patchen, 77 N. Y. 533; Buchanan v. Belsey, 65 App. Div. 58, 72 N. Y. Supp. 601. There was therefore no evidence which even tended to overcome the presumption as to the validity of the will afforded by its probate; and had the matter been submitted to the jury, and a verdict rendered in favor of the plaintiff, it would have been the duty of the court to set it aside as against evidence. In addition to this, we think the evidence affirmatively established not only that the will was not the result of undue influence and fraud practiced upon the testator, but that he deliberately excluded the plaintiff from a participation in his estate, for the reason that he had acquired from his maternal grandmother a large sum of money, and also because he had changed his name from Koch to Heath. In 1886 the testator made a will in which he stated that he did not give his son Henry (this plaintiff) any share of his estate, for the reason that he considered "him amply provided for by his grandmother," and in the 1894 will (the one admitted to probate) he stated that he did not give him anything because he considered "he was amply provided for by his grandmother." It is fair to infer from the use of the word "was," in the connection in which it was used, that the testator knew, as claimed by the plaintiff, that a large portion of the money acquired from the grandmother had been lost by speculation or otherwise; and there appears in the last will another reason why no provision was made for the plaintiff, and that was the change in the name, because it will be observed that a provision is inserted that if the widow and the two sons by the second marriage died prior to the death of the testator, without issue, then the testator's property was to go to the plaintiff, but only on condition that he again resume the name of Koch.

The trial court, therefore, was right in dismissing the complaint, and the judgment appealed from must be affirmed, with costs. All concur.