(112 App. Div. 495)

### In re SCHREIBER'S WILL.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

WILLS—PROBATE—EVIDENCE.

> Under Code Civ. Proc. § 2623, providing that, if it appears to the surrogate that a testator was competent to make a will and not under restraint, it must be admitted to probate, there must be positive evidence that the testator was competent and not under restraint.
>
> [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 138, 421, 697, 698.]
>
> Ingraham, J., dissenting.

Appeal from Surrogate's Court, New York County.

In the matter of the last will and testament of Jane Schreiber, deceased. From a decree admitting the will to probate, an appeal is taken. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Charles O. Maas, for appellant.
James Ridgway, for respondent.

McLAUGHLIN, J. On the 19th of October, 1904, Jane Schreiber died, leaving what purported to be her last will and testament, which bore date October 14, 1904, and upon proceedings taken by the executrix therein named the same was admitted to probate, against the objections of decedent's husband, as her last will and testament, valid to pass personal property, and he has appealed.

The validity of the decree of the surrogate's court admitting the will to probate is challenged principally upon the ground that there was (a) no proof to establish testamentary capacity of the testatrix; and (b) that the proof was insufficient to justify a finding that there was a due execution and publication of the instrument as a last will and testament. The two subscribing witnesses were the only ones sworn in the probate proceedings, neither of whom, by way of opinion or otherwise, gave any testimony whatever bearing on the subject of

testamentary capacity of the testatrix, or that she was at the time of the execution not under restraint.

Section 2623 of the Code of Civil Procedure expressly provides that, "if it appears to the surrogate that the will was duly executed and that the testator at the time of executing it was, in all respects, competent to make a will and not under restraint," then it must be admitted to probate. The phrase "if it appears to the surrogate" as used in this section implies there must be some evidence given tending to show that the person who made the will was competent to make it, and at the time of its execution not under restraint. Evidence is the only way by which a fact can be made "to appear" to one acting in a judicial capacity. This must be so, otherwise there would be no way of reviewing an official act. This section, therefore, is equivalent to a positive requirement that the fact of competency must be established, in the first instance, by sufficient evidence by the proponents of a will. This is usually done by the subscribing witnesses (Miller v. White, 5 Redf. Sur. 321), inasmuch as the proponent has the affirmative of the issue (Matter of the Will of Cottroll, 95 N. Y. 336; Matter of Freeman, 46 Hun, 458); and unless it be done probate should be refused (Matter of Goodwin's Will, 95 App. Div. 183, 88 N. Y. Supp. 734). Indeed, if there could have been any doubt upon the subject, it was removed by Matter of Ramsdell, 16 N. Y. St. Rep. 281, where probate was denied upon this express ground, and the decree of the surrogate was affirmed by the late General Term (3 N. Y. Supp. 499), which in turn was affirmed by the Court of Appeals in 117 N. Y. 636, 22 N. E. 1130. And to the same effect is Matter of Goodwin's Will, supra, and Kingsley v. Blanchard, 66 Barb. 317.

It is undoubtedly true there is a presumption, as contended by the respondent, partly of law and partly of fact, that every man is sane. But this presumption is not enough, in view of the section of the Code referred to, to be the basis of a finding that a testator, at the time an alleged will was made, was competent to make it and not under any restraint.

The evidence bearing upon the execution and publication of the will is quite meager. The will, as already indicated, was made only a few days before the testatrix's death, and at a time when it is quite evident that she was very ill. The witness McMullen testified:

"I went over there, and I was asked to sign the paper, and I done so. It was read over to Mrs. Schreiber. After it was read over to Mrs. Schreiber, she signed her name. The pen broke. It was with her paralyzed hand she done it."

The witness does not say who requested her to sign, nor is there anything in her testimony to indicate—other than the reading of the will, and that thereafter the testatrix signed it—that she knew when she did so it was her will.

As to the other witness, she testified:

"The will was read, and she recognized me. She nodded to me. * * * I was requested to sign that—to write our names. Mrs. Schreiber requested it."

Just how the request was made does not appear, but the witness further stated:

"I heard the paper read. It was read to us all. She nodded to me that I should sign it. She could not speak very well. She was paralyzed, but she was conscious. She recognized me when I came in, and nodded to me, but could speak very little."

This is substantially all the testimony there is bearing upon the question of the execution and publication, and, while it may be sufficient, nevertheless, it is so unsatisfactory I think there should be a further hearing on the subject.

I am of the opinion, therefore, that the decree of the surrogate should be reversed and an order made under section 2588 of the Code of Civil Procedure, directing the trial by a jury of the questions of the competency of the testatrix, as well as the due execution and publication of the will, with costs to the appellant to abide the event, payable out of the estate.

All concur, except INGRAHAM, J., who dissents.

INGRAHAM, J. (dissenting). I do not think that, under section 2623 of the Code of Civil Procedure, the surrogate is bound to reject a will because the subscribing witnesses do not state that in their opinion the testator had testamentary capacity, when there is no evidence to justify a finding that the testator had no testamentary capacity at the time of the execution of the will. Under section 2623 it must appear to the surrogate that the testator, at the time of executing the will, was in all respects competent to make a will and not under restraint; but where it appears that the will was duly executed as required by the statute, there is sufficient before the surrogate to justify him in determining that the testator was competent to make a will and not under restraint. In this case there was no evidence to justify a finding that the testatrix had not testamentary capacity. In Matter of Ramsdell's Will (Sup.) 3 N. Y. Supp. 499, the only subscribing witness who was alive when the will was offered for probate expressly testified that his interview with the testatrix concerning the provisions of the will that he prepared at her request, and upon her statements and conversations and the character of the instructions given to him for the drawing of the will, he was of the opinion that she was not of sound mind. That was the only testimony as to the mental condition of the testatrix when she made the will. In that case the surrogate refused to admit the will to probate, and his decree was affirmed by the General Term of the Supreme Court and by the Court of Appeals. That case is not an authority for holding that where a will is proved to have been executed by a testator who apparently is able to understand what he is doing, and there is no evidence of any lack of testamentary capacity, the surrogate is bound to reject the will because there was no affirmative evidence, except the circumstances concerning the preparation and execution of the will, as to the testator's testamentary capacity. In Matter of Goodwin's Will, 95 App. Div. 183, 88 N. Y. Supp. 734, the question as to the testamentary capacity of the testatrix was inquired into, and the testimony of physicians and lawyers was taken as to her condition, and the court held that all the proof on that subject tended to show that the testatrix was not competent to make a will. In Kingsley v. Blanchard, 66 Barb. 317, the question was as to

the due execution of the will, and the court, after calling attention to the provision of the Revised Statutes then in force, which was, in substance, the same as that of the Code of Civil Procedure, said:

"Neither of the witnesses say whether the testatrix was or was not a person of sound mind. The proof of the fact, then, must be derived from the circumstances proved before the Surrogate."

And then, after discussing those facts, the court said:

"It cannot be claimed that from a single intelligent remark or act capacity could be presumed. The wildest maniac may, and sometimes does, utter a sensible remark, or do a sensible act. * * * If the facts above referred to should be held presumptive of capacity, in the absence of any evidence leading to the opposite conclusion, their weight in this case is greatly weakened, if not entirely overcome, by the evidence as to the condition of the testatrix at the time of the execution of the will."

Then, after discussing that evidence, the court said:

"While I am not prepared to say that there is not some evidence of capacity in the case, yet I must say that, taking all the facts of the case into consideration, it seems to me to be a proper question to be presented to the jury."

Neither of these cases is an authority for the proposition that the court could not determine from the acts of the testatrix and the circumstances under which the will was executed that she had testamentary capacity, and that such a determination should be reversed upon appeal, where there was no evidence that the testatrix had not testamentary capacity.

I think the evidence in this case is sufficient to justify the admission of the will to probate, and that the decree should be affirmed.