(Surrogate's Court, Saratoga County. December, 1908.)

WILLS (§ 302*)—EXECUTION—EVIDENCE—SUFFICIENCY.
  An instrument offered as a will had no attestation clause. None of the witnesses were shown to have had any knowledge as to what was necessary to due execution of a will, and the evidence as to the signatures of the testator and of the subscribing witnesses and that the will was in the handwriting of the deceased was prima facie only. Held, that probate would be denied.
  [Ed. Note.—For other cases, see Wills, Dec. Dig. § 302.*]

In the matter of the probate of the will of Thomas Neary, deceased. Probate denied.

Irving W. Wiswall, for petitioner.
MacLean & Neary, for contestant.

OSTRANDER, S. This is a proceeding for the probate of an instrument bearing date March 14, 1907, alleged to be the last will and testament of Thomas Neary, deceased. The instrument consists of half a sheet of note paper, which purports to be signed by Thomas Neary and witnessed by E. G. Munson and Charles White. The testator, Neary, and both the witnesses are dead. The instrument contains no attestation clause. It was stipulated upon the hearing that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the alleged testator died July 7, 1907, being at the time of his death a resident of the town of Waterford, Saratoga county, and that he left him surviving, as next of kin and heirs at law, the petitioner, Catharine Sarsfield, Margaret Wallace, and John Neary.

Proponents give testimony tending to show that the will was in the handwriting of Thomas Neary, and that the signature thereto was his genuine signature, and that the signatures of the witnesses were in their genuine handwriting; and, for the purposes of this motion, those facts are assumed to be true. No further proof was given as to the circumstances concerning the execution of the instrument. There was no proof as to the mental soundness of Thomas Neary, or his freedom from restraint, at the time of the execution of the instrument in question, nor of any publication of the instrument, except such, if any, as may be drawn by inference and presumption from the foregoing testimony and from the paper itself, which was in the following form:

"March 14, 1907.

"In case of death I hereby give all my belongings including money I have deposited in Bank as well as all other moneys belonging to me to my sister Catharine Sarsfield. The money and whatever personal effects I have at my death shall be used by Catharine Sarsfield during her life as she may direct and at her death she is at liberty to distribute whatever remains as she pleases.
"Witnesses:                                        Thos. Neary.
    "E. G. Munson.
    "Charles White."

At the close of proponent's case, contestants moved for dismissal of the proceedings and a decree denying probate.

There was no proof as to the custody of the alleged will, except that Mrs. Sarsfield, the petitioner herein, with whom deceased resided for some years, showed it to the witness Wallace some time prior to the beginning of this proceeding. The Code of Civil Procedure provides (section 2623):

"If it appears to the surrogate that the will was duly executed; and that the testator, at the time of executing it, was in all respects competent to make a will, and not under restraint; it must be admitted to probate, as a will valid to pass real property, or personal property, or both as the surrogate determines," etc.

It has been held under this section that the proponent has the affirmative of the issue, and that these facts must be affirmatively proved before the will may be admitted to probate, and that, while there is a presumption that every man is sane, this presumption is not enough, in view of the Code section referred to, to be the basis of a finding that the testator, at the time the alleged will was made, was competent to make it and not under any restraint. Matter of Schreiber, 112 App. Div. 497, 98 N. Y. Supp. 483, appeal dismissed 185 N. Y. 610, 78 N. E. 1111; Matter of Goodwin, 95 App. Div. 184, 88 N. Y. Supp. 734; Heaton Sur. Pr. § 310, and cases cited; Kingsley v. Blanchard, 66 Barb. 317–322.

If an inference of mental capacity may be drawn, as suggested in Kingsley v. Blanchard, from the apparently intelligent provisions of the instrument written by Neary, yet the paper does not furnish any

evidence of freedom from restraint. Section 2620 of the Code provides that if—

"a subscribing witness has forgotten the occurrence, or testifies against the execution of the will; the will may nevertheless be established, upon proof of the handwriting of the testator, and of the subscribing witnesses, and also of such other circumstances, as would be sufficient to prove the will upon the trial of an action."

It will be noted that in the case at bar the proof stops with prima facie evidence of the genuineness of the signatures of the deceased and the subscribing witnesses, and that the will was in the handwriting of the deceased, and no evidence is given of such other circumstances as would be sufficient to prove the will upon the trial of an action. I think the most that can be drawn from all the circumstances of the case is that the testator knew the character of the instrument which he signed and was of proper age and capacity; but it does not appear that he had any knowledge of the requirements necessary for the due execution of a will, or that such requirements were complied with. He was a miller, and is not shown to have had any knowledge of the statute; nor is it shown that either of the subscribing witnesses had any such knowledge. They were persons engaged in trade and manufacture, and not persons learned in the law.

I think the proof fails to show freedom from restraint of the testator, and fails to establish the facts showing due execution and publication of the instrument to entitle it to be admitted to probate as a will to pass real or personal property, and that probate thereof should be denied. Let a decree be entered accordingly.

Decreed accordingly.