## In re FALABELLA'S WILL.

(Surrogate's Court, New York County. February 10, 1913.)

1. WILLS (§ 303*)—EXECUTION—SUBSCRIPTION BY TESTATOR—SUFFICIENCY OF EVIDENCE.

Where three unimpeached witnesses swore that they saw testatrix sign the will with her own hand, and the contestant, husband of deceased, who was not present at the execution of the will, simply stated that, in his opinion, the subscription was not that of testatrix, subscription of the paper propounded was sufficiently shown.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 711–723; Dec. Dig. § 303.*]

2. WILLS (§ 163*)—UNDUE INFLUENCE—BURDEN OF PROOF.

Undue influence is an affirmative assault on the validity of a will, and the burden of proof is on the contestant, and does not shift throughout a probate proceeding; and this rule applies to an original proceeding in the Surrogate's Court.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 388–402; Dec. Dig. § 163.*]

3. EVIDENCE (§ 90*)—"BURDEN OF PROOF"—DEFINITION.

"Burden of proof," onus probandi, is an equivocal term, referring, primarily, to the obligation resting on a party who has the affirmative of an issue of fact to establish it by a preponderating weight of evidence, and, secondarily, to a duty to go forward with the evidence at a precise moment in a judicial proceeding.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 112; Dec. Dig. § 90.*

For other definitions, see Words and Phrases, vol. 1, pp. 904–907; vol. 8, p. 7593.]

4. WILLS (§ 274*)—PROBATE—AVERMENTS OF PETITION.

The proponent in a proceeding for probate must aver, in the first instance, testator's capacity and freedom from restraint.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 628, 631; Dec. Dig. § 274.*]

5. WILLS (§ 163*)—VALIDITY—PRESUMPTIONS—FREEDOM FROM RESTRAINT.

Freedom from restraint in the execution of a will cannot be presumed.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 388–402; Dec. Dig. § 163.*]

6. WILLS (§ 248*)—PROBATE—JURISDICTION OF APPELLATE DIVISION.

The Appellate Division serves as the real ordinary, and is vested with co-ordinate and original power over contested probates.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 584, 585; Dec. Dig. § 248.*]

7. WILLS (§ 163*)—VALIDITY—PRESUMPTIONS—FRAUD OR UNDUE INFLUENCE.

There is no presumption of fraud or undue influence in a probate cause from mere relations of confidence.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 388–402; Dec. Dig. § 163.*]

In the matter of the probate of the will of Angelina Falabella, deceased. Probate decreed.

Antonio Ferme, of New York City, for proponent.

Goldsmith, Rosenthal, Mork & Baum, of New York City, for contestant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

FOWLER, S.  Contested probate proceeding.

The usual objections—testamentary incapacity and undue influence —were interposed to the probate of the will of Angelina Falabella by the husband of the testatrix.  Husband and wife lived apart at the time the will was executed.  The will is in favor of the mother of testatrix.  There were no children of the marriage.

[1] The allegation that the testatrix subscribed the will is contested, and the genuineness of her signature is challenged.  But three respectable and unimpeached witnesses swear that they saw testatrix sign the will with her own hand.  The husband, who was not present at the execution of the will, simply states that, in his opinion, the subscription to the will is not that of testatrix.  No handwriting experts were called, and there was no other comparison of handwriting specimens conceded to be genuine.  The husband was allowed to give his testimony without objection.  Under this state of facts subscription of the paper propounded by testatrix is found.  The other statutory requirements for the due execution of the will were established by the testimony of the subscribing witnesses.

[2, 3] As to the plea of undue influence, the burden of proof is on the contestant, and does not shift throughout a probate proceeding. Such is the statement of the Court of Appeals in a very late case, and it seems to complete a definitive doctrine of great importance in probate law.  It may be expedient and proper, in view of this important decision of the Court of Appeals, for the surrogate to take this early occasion to make clear his appreciation of the gravity of such final determination on this important point, as this is the court of this state in which most contentious probates of importance are heard and determined in the first instance.

The burden of proof in contested probate proceedings is sometimes said "to rest ordinarily on proponent" throughout the cause.  Matter of Kellum, 52 N. Y. 517;  Rollwagen v. Rollwagen, 63 N. Y. at page 517;  Matter of Will of Cottrell, 95 N. Y. 329, 336;  per curiam, Dobie v. Armstrong, 160 N. Y. at page 590, 55 N. E. 302.  But in other cases of equal authority it is stated that the burden of proof on a plea of undue influence, for example, is on contestants.  If the burden then shifts from proponent, the burden of proof is not always on proponent. These two decisions are, on their face, types of adjudications of weight.  I had hoped that I might give heed in this court of first instance to both doctrines by attributing the primary meaning of the term "onus probandi" to the first class of cases and the secondary sense of that ambiguous term to the second class of cases.  "Burden of proof," onus probandi, is an equivocal term.  It refers, primarily, to the obligation resting on a party who has the affirmative of an issue of fact to establish it by a preponderating weight of evidence, and, secondarily, to a duty to go forward with the evidence at a precise moment in a judicial proceeding.  Thayer, Prelim. Treatise on Evid. 354, 364, 379;  Doheny v. Lacy, 168 N. Y. 213, at page 220, 61 N. E. 255;  Loder v. Whelpley, 111 N. Y. 239, at page 250, 18 N. E. 874; Baxter v. Abbott, 7 Gray (Mass.) 71, 83;  Jones v. Gran. State Ins. Co., 90 Me. 40, 37 Atl. 326.  If the different decisions on burden of

proof in will contests could be reconciled, it would bring the modern law of this state into line with the former probate law of New York and England (Barry v. Butlin, 1 Curt. 637; s. c., 2 Moo. P. C. 480; Fulton v. Andrews, 7 Ho. L. Cas. 448, 461; Tyrrell v. Painton, [1894] P. D. 157), as well as with that prevailing in the Commonwealth of Massachusetts (Crowninshield v. Crowninshield, 2 Gray [Mass.] 524); otherwise our law stands apart.

But a very plain intimation in the Matter of Will of Kindberg, 207 N. Y. 220, 100 N. E. 789, very lately decided by the Court of Appeals, makes it, I think, impossible to reconcile the adjudications. A late writer, in his useful compendium of the case law of evidence, well states that it is "a hopeless task to undertake to reconcile the decisions which relate to the burden of proof in respect to the probate of wills." Jones, Ev. § 189. Professor Thayer, in his most admirable of all modern treatises on the true bases of the law of evidence, points to the root of this difficulty. Thayer, Prelim. Dissertation on Ev. 354 et seq.; Thayer's Cases on Ev. 69.

In a proceeding to test the validity of the probate of a will, pursuant to section 2653a, Code of Civil Procedure, the statute regulates the burden of proof and the procedure. The statute prescribes that in that class of actions—

"the decree of the surrogate admitting the will or codicil to probate shall be prima facie evidence of the due attestation, execution and validity of such will or codicil."

It then proceeds to regulate the procedure on the trial of such actions. It has been generally supposed by the profession that the burden of proof in that class of actions rested on the contestant solely by virtue of the statute. Dobie v. Armstrong, 160 N. Y. 584, 590, 55 N. E. 302; Ivison v. Ivison, 80 App. Div. 599, 603, 80 N. Y. Supp. 1011; Mock v. Garson, 84 App. Div. 65, 67, 82 N. Y. Supp. 310; Heath v. Koch, 74 App. Div. 338, 77 N. Y. Supp. 513; Scott v. Barker, 129 App. Div. 241, 113 N. Y. Supp. 695.

The latest utterance of the Court of Appeals on burden of proof in probate matters was made on an appeal from a judgment entered on an affirmance of the verdict of a jury on issues sent to the Supreme Court for trial. Matter of Will of Kindberg (December 31, 1912), 207 N. Y. 220, 100 N. E. 789. It was there said:

"Undue influence is an affirmative assault on the validity of a will, and the burden of proof does not shift, but remains on the party who asserts its existence. Tyler v. Gardiner. 35 N. Y. 559; Cudney v. Cudney, 68 N. Y. 148; Matter of Will of Martin, 98 N. Y. 193, 196."

The serious question in my mind is whether the pronouncement of the Court of Appeals in the Matter of Will of Kindberg was intended to regulate the burden of proof in original proceeding to probate a will in the courts of the surrogates, or only on trials by jury. If it was intended to apply to probate proceedings, whenever a plea of undue influence is interposed in this court to a petition for probate, the burden of proof is on the party so asserting it. In this and other jurisdictions, as I shall attempt to show, it has been laid down that the burden of proof in probate proceedings is always on the proponent,

and that that burden does not shift throughout the trial. The burden of taking up the evidence may shift, after factum of will has been established by proponent; but the burden of giving preponderating proof on the whole issue in a probate proceeding rests always on the proponent. Is the finally completed rule announced in the Matter of Kindberg intended to abrogate altogether this established principle of probate law? That is now the first question. Were it not for the decisions cited in the opinion of the Court of Appeals in Matter of Will of Kindberg, I should venture to think that the statement of that court had no reference to original probate proceedings; but Tyler v. Gardiner, 35 N. Y. 559, Cudney v. Cudney, 68 N. Y. 148, Matter of Will of Martin, 98 N. Y. 193, referred to in Matter of Kindberg, were all appeals from surrogates' decrees in proceedings for probate. Evidently they were not regarded as foreign to the decision in the Matter of Kindberg. It may be assumed, therefore, that the pronouncement of the Court of Appeals is intended to be controlling in original proceedings for probate in the courts of the surrogates whenever a plea of undue influence is interposed. If this is now the rule of this jurisdiction, we must follow it here in every instance. I so did practically in a late case. Matter of Klinzner, 71 Misc. Rep. 620, 638, 130 N. Y. Supp. 1059.

Before the decision in Matter of Will of Kindberg, I had, however, been somewhat inclined to think that when the statement was made in several cases of importance in this state, that the burden of proof rests, in a proceeding for probate, on him who asserts undue influence, it was meant to assert only that after factum of will is established the contestant asserting undue influence then has the onus of going forward with his proofs (Doheny v. Lacy, 168 N. Y. 213, 220, 61 N. E. 255), and not that the burden of proof, in its primary significance, did not always rest on the proponent of a will in the courts of the surrogates. Doubtless, after the contestant had completed his proofs, the proponent resumed and gave adminicular proofs in support of the probate. Hoyt v. Jackson, 2 Dem. Sur. 443, 446. But, then, onus probandi the whole case was again on proponent. Matter of Flansburgh, 82 Hun, 49, 50, 31 N. Y. Supp. 177; Howland v. Taylor, 53 N. Y. 627; Taylor's Will Case, 10 Abb. Prac. (N. S.) 300. The reason why I was induced to think that the burden of proof, in its primary significance, in a probate cause rested always on the proponent I shall proceed to state. These reasons were of three kinds: (1) Because statute and the state of the pleadings naturally placed the burden of proof on proponent. (2) Because the traditional practice in probate proceedings so placed it. (3) Because both reason and authority had sanctioned it.

The state of the pleadings in a proceeding for probate naturally placed the burden of proof, in its primary signification (or, in other words, the necessity of sustaining all the issues on the will by a preponderance of evidence), on a proponent. In order to entitle a proponent to a decree of probate, he must establish (1) due execution of a testamentary script, pursuant to the statute of wills; (2) testamentary capacity; (3) freedom from restraint. Now, a plea

of undue influence is a mere negation of an allegation of freedom from restraint. Dayton on Surrogate's Practice, 177. If we assume that it is the pleadings which always fix the burden of proof in the first instance, then, on the principle originally adopted by our courts from the Roman law, "Ei incumbit probatio qui dicit non qui negat," onus probandi rests always on the proponent in a proceeding for probate (Doheny v. Lacy, 168 N. Y. 213, 220, 61 N. E. 255), except in the exceptional instance of special pleas in bar, such as former judgment, when proponent is temporarily relieved of the burden.

[4, 5] That the proponent in a proceeding for probate must aver, in the first instance, testator's capacity and "freedom from restraint" has been long established in this court. Section 2623, Code Civil Procedure, formerly 2 R. S. § 14; 1 R. L. 365, § 6; Dayton, Surrogate's Practice, 177; Kingsley v. Blanchard, 66 Barb. 317, 322; Harper v. Harper, 1 Thomp. & C. 351, 355; Ramsdell v. Viele, 6 Dem. Sur. 244, 247, affirmed 117 N. Y. 636, 22 N. E. 1130; Matter of Schreiber, 112 App. Div. 495, 98 N. Y. Supp. 483, affirmed 185 N. Y. 610, 78 N. E. 1111; Matter of Goodwin, 95 App. Div. 183, 88 N. Y. Supp. 734. A plea of undue influence is the mere negation of freedom from restraint already alleged by proponent. A person unduly influenced is not free from restraint. Placing the burden of proof (in the sense of an obligation to establish undue influence) on a contestant tends to place contrary burdens on the opposing parties to the same issue. We thus have the burden of proving freedom of restraint placed on proponent and the burden of proving the negative on contestant. In this state of the law it would be but a step to presume freedom from restraint, and thus have the entire burden of proof in contested probates placed on contestant. But this is not yet the rule, and it cannot be under the present statute of wills.

That the common or traditional law regulating the proceedings in the courts of the surrogates, in the absence of statutes, placed the burden of proof or weight of evidence on all the issues in a proceeding for probate on the proponent, there can be no doubt. If any change has been made in this state in the common law, it is by reason of later adjudications of authority in this state. The burden of proving undue influence in probate was carefully considered in a leading case in England by the Privy Council on appeal (Barry v. Butlin, 1 Curt. 637; s. c., 2 Moo. P. C. 480); and it was held that onus probandi in every case lies upon the party who propounds a will, and he must satisfy the conscience of the court that the instrument so propounded is the last will of a free and capable testator. Fulton v. Andrews, 7 Ho. L. Cas. 448, 461. This statement was expressly approved in this state in Crispell v. Dubois, 4 Barb. 393, 397, and again by that very distinguished surrogate, Mr. Rollins, in Hoyt v. Jackson, 2 Dem. Sur. 443, 446, and his judgment was afterwards affirmed by the Court of Appeals. 112 N. Y. 493, 20 N. E. 402. This point has, in substance, I think, been often since adjudicated, both here and elsewhere. Thayer's Cas. Ev. 82,

100, 106; Matter of Kellum, 52 N. Y. 517; Howland v. Taylor, 53 N. Y. 627; Rollwagen v. Rollwagen, 63 N. Y. 504, 517; Matter of Green, 67 Hun, 527, 535, 22 N. Y. Supp. 1112; Loder v. Whelpley, 111 N. Y. 239, 250, 18 N. E. 874; Dobie v. Armstrong, 160 N. Y. 584, 590, 55 N. E. 302; Roche v. Nason, 105 App. Div. 256, 266, 93 N. Y. Supp. 565, affirmed 185 N. Y. 128, 77 N. E. 1007. Upon the integrity of this line of authority I have, with some qualifications, ventured to rely, although not, I hope, to the prejudice of the decisions which did not turn on it. Matter of Mooney, 73 Misc. Rep. 315, 323, 324, 132 N. Y. Supp. 705; Matter of Van den Heuvel, 76 Misc. Rep. 137, 146, 147, 136 N. Y. Supp. 1109.

That judicial reasoning and authority had sanctioned the proposition that the burden of proof in a probate cause rested always on proponents, I had formerly believed. When it was asserted by judges of great distinction that the burden of proving undue influence rested on contestants, I had supposed that the term "burden of proof" was used in its secondary sense of proceeding with the evidence in a cause. In this sense, if no evidence is given by contestant, the proponent rests on his prima facie case, and the contestant fails. If evidence was given by contestant, the burden of evidence was then resumed by the proponents in both senses of the term "onus probandi." If we examine the parallel lines of apparently discordant authorities on this point, we will find that this is what might well have been meant by the statement in question. One of the earliest statements to the effect that the burden of proving undue influence rests on the party alleging it is in the year 1856. In Boyse v. Rossborough (6 Ho. L. Cas. 1, 49) the Lord Chancellor said:

"Where once it has been proved that a will has been executed with due solemnities by a person of competent understanding, and apparently a free agent, the burden of proving that it was executed under undue influence is on the party who alleges it."

This adjudication is often cited in our own courts. Matter of Green, 67 Hun, 527, 533, 22 N. Y. Supp. 1112. This decision was subsequently recognized in this state, and it is the starting point of the entire doctrine in probate law on the burden of proving undue influence. It is apparent that in Boyse v. Rossborough the term "burden of proof" is used in the sense of a going forward with the proofs, because, if the proofs are in equilibrium, the proponent of a will does not, in England, necessarily succeed, even if the contestant fails. In such a case where the contestant's proofs are in equilibrium, it is the duty of the probate judge to hold that his conscience is not satisfied with the proponent's proofs that the will was the free and unrestrained act of a capable testator. Tyrrell v. Painton, [1894] Probate, 151, 156; Mortimer on Probate Law, 87. And such, I think, was the rule here. Howland v. Taylor, 53 N. Y. 627; Rollwagen v. Rollwagen, 63 N. Y. 504, 517; section 2627, Code Civ. Proc. This line of authority demonstrated conclusively, to my mind, that the burden of proof in a probate cause was al-

ways logically on the proponent, as stated by the adjudications and statutes already cited to that point.

Let us examine the authorities on this point a little further. The statement of the Lord Chancellor, in Boise v. Rossborough, was reiterated in Tyler v. Gardiner, 35 N. Y. 559, 594, and most obviously only in the secondary sense of the term indicated; for the majority opinion proceeds:

"When such evidence [of undue influence] is furnished, the burden of repelling the assumption to which it leads is cast upon the party to whom the fraud is imputed."

Can anything make it plainer that the court, in Tyler v. Gardiner, intended by this language to hold only that the onus probandi on the whole issue of freedom from restraint and duress rests again where it always had rested in a probate proceeding in a court of probate, to wit, on the proponent? Yet this is the leading case on this point. Many of the later statements to the effect that on an issue of undue influence the burden of proof rests on those who assert it, though constantly made in the adjudications (Matter of Green, 67 Hun, 527, 531, 535, 22 N. Y. Supp. 1112; Matter of Will of Martin, 98 N. Y. 193, 196; Cudney v. Cudney, 68 N. Y. 148, generally cited to the same point, does not seem to refer at all to the proposition), do not negative the general rule in probate courts already noticed, viz., that the burden of proof on the whole cause rests on the proponent; and that it is the burden of going forward with the plea at the proper moment which is stated to rest on the contestant setting up a plea of undue influence.

After careful consideration I am obliged, however, to conclude that the statement in the decision in Matter of Will of Kindberg, to the effect "that undue influence is an affirmative assault on the validity of a will, *and that the burden of proof does not shift, but remains on the party asserting it,*" is deliberate and final; and that it is applicable to an original proceeding for probate in this court. Thus it is that in this state we have now on this point a domestic rule, which, while not always in precise accord with that prevailing in some other jurisdictions, is the one we must henceforth follow without discussion or cavil. The part of the decision in Matter of Kindberg which is of the greatest importance is that the burden of proof does not shift, but remains on the party asserting undue influence. This was not the doctrine of Tyler v. Gardiner, which is entitled to be regarded as the initial case on this point. The present rule has been built up in substantially three cases, dating from 1866, two of which were by no means final in their statements or implications. These three brief statements have given us a rule of the most tremendous and far-reaching significance, and the door is now shut. To this rule I must defer in this cause. I do so the more willingly because of the great excellence and deserved renown of the high court which has established the rule, no doubt with wisdom and deliberation. To the Court of Appeals the welfare, peace, and dignity of this state owe a great debt.

The scope and application of the rule in question, as now settled,. will for a moment be considered.. It is said, in Matter of Will of Martin, 98 N. Y. 193, 196, which in turn relied on the expression, in Tyler v. Gardiner:

"The case, then, is one where the testatrix had testamentary capacity, a present knowledge of the contents of the will, and where, at its execution, she was surrounded by all the guards which the statute has prescribed to prevent fraud and imposition. A will executed under these circumstances. can be avoided only by influence amounting to force or coercion, and proof that it was obtained by this coercion. The burden of proving it is on the party who makes the application."

The importance of this statement was apparent to the judges,. and the precise language is quoted with great precision in Matter of Nelson, 97 App. Div. 213, 217, 89 N. Y. Supp. 865. The decision. in Matter of Will of Martin went a step farther than Tyler v. Gardiner. But it still left open the question whether the burden shifted to proponent. If we now add to the doctrine stated in the Will of Martin the statement in Matter of Kindberg, that this "burden. of proof does not shift," we have not only a plain working rule, but,. to some extent, a precise evaluation of the proofs in cases of contested wills. According to this rule it would seem at first that if contestant's proof fail the decree must in every instance be for the will. But must it be for the will in every such case? This is the most important question of all. I have not seen the precise question directly answered in this state.

[6] Suppose a case in this state where the contestant's proofs do not preponderate on the plea of undue influence and yet make a very strong case of suspicion, must the will in such a case be admitted to probate by the surrogate? If not, we have a proper limitation of the rule as lately announced, and one in accord with the rule elsewhere. There is reason to believe, although this need not be now held in this cause, that the judgment is then to be left to the conscience of the surrogate, as it is in other probate jurisdictions of importance; and such, in my opinion, should be the law under the statute. Section 2622, Code Civ. Proc. Otherwise the surrogate in probate causes is the mere "judex" of the formulary system of the Roman law. He simply ascertains if the formula has been complied with, and this is all. This conception of the surrogate's function in contentious probate matters does not constitute him, at common law, a judicial officer whose conscience is required to be satisfied before he signs a decree of probate. Such a conception of the surrogate's function or duty is, I think, not the conception of the court in Rollwagen v. Rollwagen, 63 N. Y. at pages 520,. 521, where most obviously there was no preponderance of evidence on the plea of undue influence, yet the will failed, and I say it with deference, most justly failed. If the surrogate is deprived of all discretion in such a case, this is most clearly not the general conception of the law, nor is it the law of the land, through which we derive our whole probate system and probate law. In Tyrrell v. Painton, [1894] Probate Division, it was said the party propounding a will "must satisfy the conscience of the court that the instru-

ment propounded is the last will of a free and capable testator." This statement has been reiterated here, and the principle is now expressed to some extent in this state in the form of a statute. Section 2622, Code Civ. Proc. But I will say no more on this point at this time. The judgments of the surrogates in contentious probates are made of little importance in the present system, where the Appellate Division serves as the real ordinary, and is vested with co-ordinate and original power over contentious probates. Jessup, Surr. Prac. 196, and cases cited. Any issues in such proceedings also stand or may be sent for a trial by jury in almost any cause whatever. Sections 2588, 2653a, Code Civ. Proc.

[7] There is no presumption of fraud or undue influence in a probate cause from mere relations of confidence. Nor does the burden now shift on a plea of undue influence. The contestant has failed to support his plea of undue influence, and I must pronounce for the will.

Let the decree for probate be presented for my signature.